# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0647
Filed January 7, 2026

---

**State of Iowa,**
Plaintiff–Appellee,
v.
**Dana Jay Breese,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Polk County,
The Honorable Gregory D. Brandt, Judge.

---

**AFFIRMED**

---

Jesse A. Macro Jr. of Macro Law, LLP, West Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

Dana Breese offered to watch a disabled woman while the woman's mother went to the store. When the mother returned home earlier than expected, she found Breese masturbating in front of the woman with her adult diaper removed. Breese pleaded guilty to assault with intent to commit sexual abuse—an aggravated misdemeanor. *See* Iowa Code § 709.11(3) (2024). The district court sentenced him to an indeterminate two-year prison sentence. And Breese appeals, arguing that the court should have granted him a deferred judgment rather than imposing a prison sentence.

We review a district court's discretionary sentencing decisions, including the exercise of its discretion whether to grant a deferred judgment, for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And even when the court would have been justified in imposing the sentence sought by the defendant, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725. So it is not enough that the defendant disagrees with the court's weighing of the sentencing factors and the sentence ultimately selected. *See Gordon*, 998 N.W.2d at 863.

Breese argues that the district court abused its discretion in selecting a prison sentence rather than a deferred judgment because it "only considered limited factors" and based its decision "upon an emotional response." We disagree. In its written sentencing order, the court stated that it found "the following factors the most significant in determining" Breese's

sentence: "[t]he nature and circumstances of the crime," "[p]rotection of the public from further offenses," the "[v]ictim impact statement," "[t]he plea agreement," Breese's "criminal history," Breese's "propensity for further criminal acts," Breese's "age and character," and the "[m]aximum opportunity for rehabilitation." And at sentencing, the court reasoned:

> Mr. Breese, when it comes to sexual predators, you are what we fear most. This is an individual who is totally dependent on other individuals, and you took advantage of that situation.
>
> Quite honestly, I don't know that words can justify or forgive what you have done in this particular instance. You are basically asking this Court, that if after a period of two years, this be just dissolved from your record. The Court finds that that is wholly inappropriate in this particular case, and your request for a deferred judgment is denied.
>
> The serious nature of this, and the fact you preyed on the most vulnerable, in this Court's mind, dictate, as the PSI says, due to the seriousness of this, that you be incarcerated for a period not to exceed two years.

These reasons are not untenable or unreasonable. They are based on proper sentencing factors—not merely an emotional response. *See* Iowa Code § 901.5; *Gordon*, 998 N.W.2d at 862. To be sure, the district court focused on the nature of the offense and related circumstances. But placing "considerable emphasis" on a particular factor at sentencing is not an abuse of discretion so long as a court also "consider[s] other factors pertinent to sentencing." *State v. Leckington*, 713 N.W.2d 208, 216–17 (Iowa 2006). And the court expressly stated in the sentencing order that it did consider many other factors too.

Seeing no abuse of discretion in the district court's exercise of its considerable sentencing judgment, we thus affirm Breese's sentence.

**AFFIRMED.**

3